NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI JUDAH, individually and on behalf of all others similarly situated, | Civil Action No. 16-5881 |
| *Plaintiffs,* | **OPINION** |
| v. | |
| TOTAL CARD, INC. & JOHN DOES 1-25, | |
| *Defendants.* | |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant Total Card, Incorporated's ("TCI") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 6. Plaintiff Ali Judah filed a brief in opposition to which Defendant replied. D.E. 13, 14. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **GRANTED**.

## I.    FACTS AND PROCEDURAL HISTORY

Sometime before February 10, 2016, Plaintiff incurred a debt to Verizon Wireless and the debt was declared to be in default. Compl. at ¶¶ 17-18, D.E. 1. Plaintiff's debt was then "assigned, placed, or transferred" to Pinnacle Credit Services, LLC ("Pinnacle"). *Id.* ¶ 20. Pinnacle "assigned, placed, or transferred" the debt to TCI for the purposes of collection. *Id.* ¶ 22.

On February 10, 2016, TCI sent Plaintiff a letter attempting to collect the debt (the "Collection Letter"), which allegedly totaled $1,648.56. *Id.*, Ex. A at 1. Plaintiff alleges that when TCI sent the Collection Letter, the statute of limitations to recover the debt had expired. *Id.* ¶ 30. The Collection Letter explained that TCI was attempting to collect the debt on behalf of its client, Pinnacle. *Id.*, Ex. A at 1.

The Collection Letter offered to settle Plaintiff's debt through a single payment of $495, which would save Plaintiff $1,153.56, or through six monthly payments of $97, which would save Plaintiff $1,066.56. The Collection Letter also offered Plaintiff an option to "make a smaller monthly payment that is affordable to [Judah] to pay the balance in full." *Id.* Plaintiff could select this option by checking a box next to the following statement: "I would like to make a smaller monthly payment . . . to pay the balance in full." *Id.* In addition, the Collection Letter stated that "[r]esolving the account would put an end to the calls and letters attempting to collect on this account." *Id.* Finally, the Collection Letter provides that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, Pinnacle Credit Services, LLC will not sue you for it, and Pinnacle Credit Services, LLC will not report it to any credit agency." *Id.*

On September 25, 2016, Plaintiff filed a class action complaint alleging a violation of Section 1692e and f of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692e & f.[1] The overarching issue here is whether TCI's Collection Letter was misleading because it failed to advise Plaintiff that selecting either of the two installment payment plan options in the

---

[1] Plaintiff, a New Jersey resident, seeks to represent a class of New Jersey consumers but does not specifically plead what state statute of limitations applies. Compl. ¶¶ 6, 12. Based on the allegations in the Complaint, the Court assumed that New Jersey's statute of limitations would apply. On May 4, 2017, the Court ordered the parties to submit supplemental briefing as to what state's statute of limitations is applicable to this matter. D.E. 15. In its supplemental submission, TCI states that "it is TCI's understanding that all parties agree that New Jersey law would apply [here.]" D.E. 16.

letter could create a new debt or contract. Specifically, Plaintiff alleges that either of TCI's offers for a monthly plan to pay down the debt would cause the least sophisticated consumer to be confused about whether the debt was still legally enforceable and the legal consequences of entering into such a payment plan. Compl. ¶¶ 44-72. TCI also allegedly violated the FDCPA because the Collection Letter failed to advise Plaintiff and other similarly situated consumers that the statute of limitations could be revived or begin anew by making payments. *Id.* ¶¶ 54-55.

TCI filed this motion in lieu of an answer, making a number of legal challenges to the Complaint. D.E. 6. First, TCI contends that the Collection Letter does not misrepresent the amount of debt owed or the "legal status of the debt." Def's Br. at 3-5. Although the statute of limitations has expired, TCI asserts that Plaintiff's debt is not extinguished and TCI may still attempt to collect the debt. Moreover, TCI points out that the Collection Letter specifically states that Pinnacle will not sue Judah to collect the debt. *Id.* at 4. In addition, a partial payment pursuant to the terms of the Collection Letter would not revive the statute of limitations under New Jersey law, according to TCI. *Id.* at 8-11. TCI also maintains that because the Collection Letter "mimics" disclosure language approved by the Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFBP"), the language "cannot be deemed false, deceptive or misleading under the FDCPA." *Id.* at 7. As a result, TCI argues that Plaintiff fails to state a claim under Sections 1692e(2)(a) or e(10). *Id.* Finally, TCI asserts that Plaintiff's claims under Section 1692f should be dismissed because he fails to identify additional misconduct that is not otherwise encompassed by a different provision of the FDCPA, namely Section 1692e. *Id.* at 11-12.

Plaintiff responds that *Huertas v. Galaxy Asset Management*, 641 F.3d 28 (3d Cir. 2011), a Third Circuit case that addresses collecting a time-barred debt under the FDCPA, is inapplicable. Plf's Br. at 10-13. Plaintiff maintains that the Court should instead follow decisions from the Fifth,

Sixth, and Seventh Circuits, in addition to federal agency opinions, which have distinguished and refused to follow *Huertas*. *Id.* at 14-19. Plaintiff also argues that the Collection Letter is deceptive because although it states that Pinnacle cannot sue on the debt, it does not make the same representation as to TCI or any subsequent creditor. *Id.* at 20-22. Finally, Plaintiff maintains that TCI misunderstands the "more nuanced legal theory at issue;" that is, if Plaintiff were to start any payment plan, it would create a new contract and new statute of limitations. *Id.* at 6. This unstated legal effect, Plaintiff argues, makes the Collection Letter misleading under the FDCPA. *Id.* Plaintiff, however, provides no authority to support this "nuanced" argument.

## II.    LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause

of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).[2]

## III. ANALYSIS

To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). In this matter, only the fourth element is disputed. In addition, "[a]s remedial legislation, the FDCPA must be broadly construed." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)).

### 1. Section 1692e

---

[2] TCI does not attack the plausibility of Plaintiff's pleading. The Court, however, sees two critical deficiencies. First, in the Complaint, Plaintiff never admits that he actually owes the debt. Similarly, in Plaintiff's opposition brief, Plaintiff states that "assuming, *arguendo*, that Plaintiff was actually responsible for the Verizon/Pinnacle obligation." Plf's Opp. at 3. This fact is critical and should not be assumed; if Plaintiff does not actually owe the underlying debt then Plaintiff's case is much ado about nothing because there is no debt on which to collect. Plaintiff would not have standing to bring his current claims. Second, the Complaint fails to plead the applicable statute of limitations or when it expired. Again, Plaintiff asks TCI and the Court to *assume* that the statute of limitations has run without providing any plausible facts to demonstrate that it actually expired. Of course, if the statute of limitations on the underlying debt has not run, then Plaintiff's claims are not ripe because he can still be sued on the underlying debt in due course. In short, Plaintiff's legal theory depends upon two critical facts: he owes the underlying debt and the statute of limitations to sue on the debt has expired. Plaintiff pleads neither factual allegation plausibly. However, because TCI has not attacked the plausibility of the factual allegations, the Court will not consider plausibility issues in deciding the motion.

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Plaintiff claims that TCI violated this provision by (1) engaging in "false, deceptive, or misleading representations" because TCI failed to inform Plaintiff that the statute of limitations could be revived or begin anew if he makes a partial payment; (2) failing to advise Plaintiff of the possible consequences of defaulting on a monthly payment plan; and (3) making false representations about the character and legal status of the debt. Compl. ¶¶ 54, 56, 60 (citing 15 U.S.C. § 1692e(2)(A) & (10)).

This Court recently addressed whether a similar debt collection letter violated the FDCPA in *Tatis v. Allied Interstate, LLC*, No. 16-109, 2016 WL 5660431 (D.N.J. Sept. 29, 2016). Much like here, the letter in *Tatis* made an offer to settle a debt that was no longer legally enforceable because the statute of limitations had expired. The letter did not state that the statute of limitations had run or that the debt was no longer legally enforceable. *Id.* at *1-2. This Court first recognized that the Third Circuit made clear that when a debt collector is seeking to collect an amount owed, "[t]here is nothing improper about making a settlement offer." *Id.* at *5 (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008)). Next, this Court considered *Huertas*, concluding that the Third Circuit determined that even if the statute of limitations expired, a "plaintiff still owed the debt, 'but he had a complete legal defense against having to pay it.'" *Id.* (quoting *Huertas*, 641 F.3d at 32). This Court also recognized that "the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt *so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts.*" *Id.* (quoting *Huertas*, 641 F.3d at 32-33) (emphasis in original).

Here, Plaintiff argues that *Huertas* is not applicable because it did not address whether attempting to collect a time-barred debt is misleading or deceptive under the FDCPA. Plf's Br. at 10-13. Plaintiff argues that unlike *Huertas*, the Collection Letter here is deceptive because it fails to inform Plaintiff that agreeing to a new payment plan may create an entirely new contract, enforceable debt, and statute of limitations. *Id.* TCI argues that a new contract is not created because the elements necessary to create a novation are not satisfied. TCI Reply at 9-10.

As noted, Plaintiff provides no authority to support its position. Some courts have analyzed arguments similar to that of Plaintiff's as one of novation. "[A] novation substitutes a new contract and extinguishes the old one." *Wells Reit II-80 Park Plaza, LLC v. Dir., Div. of Taxation*, 414 N.J. Super. 453, 466 (App. Div. 2010). The elements of a novation are: (1) a previously valid contract, (2) an agreement to make a new contract, (3) a valid new contract, and (4) an intent to extinguish the old contract." *Id.* "In order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well settled principle that novation is never to be presumed." *Id.*

In this instance, the Collection Letter states that Pinnacle would accept six monthly payments "as a full and final resolution on this account!" Compl. Ex. A, at 1. The Collection Letter also uses language such as "satisfy[ing] past financial obligations," and "resolv[ing] your account in full." *Id.* Thus, there is no indication from the language of the Collection Letter that TCI intended to create a new contract if Plaintiff agreed to any payment plan.[3] *See, e.g., Miran v.*

---

[3] Even if the Court concluded that TCI intended to create a new contract and that a new contract was actually created, the Court doubts whether the FDCPA would even apply if TCI or Pinnacle attempted to collect on this new debt. Although not raised by Defendant, "[t]he FDCPA's provisions generally apply only to 'debt collectors. Creditors . . . generally are not subject to the FDCPA." *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) (internal citations omitted). Moreover, these terms are mutually exclusive. *Hoehn v. FCC Fin., LLC*, 126

7

*Convergent Outsourcing Inc.*, No. 16-692, 2016 WL 7210382, at *3-5 (S.D. Cal. Dec. 13, 2016)

(concluding that novation did not occur under California law because facts did not demonstrate

that debt collector intended to create a new contract or extinguish existing debt through debt

collection letter); *see also Chicago Five Portfolio, LLC v. Dir., Div. of Taxation*, 24 N.J. Tax 342,

356 (N.J. Tax Ct. 2008) ("Under the present facts, the court is hard pressed to find a clear and

definite intention of the parties (either by express words, the circumstances attending the

transaction, or the conduct of the parties) to effect a novation. When construing the meaning of a

contract the first and best place to determine the intent of the parties is from the written terms of

the document at issue." (internal citation and quotation marks omitted)). Similarly, even if Plaintiff

agreed to a partial payment plan, doing so would not create a new contract pursuant to the theory

of novation.[4] The reason is that there would still be no clear and definite intention on the part of

all concerned that a novation is the purpose of the partial payment plan. Plaintiff's contention that

*Huertas* is distinguishable, therefore, is misplaced.

Plaintiff also argues that this Court should be guided by an oral opinion issued by Judge

Sheridan in *Fackina v. RJM Acquisitions, LLC*, Civ. No. 14-cv-6532 (May 4, 2015), which

distinguished *Huertas*. Plf's Br. at 8-10. In *Fackina*, the court found *Huertas* distinguishable

---

F. Supp. 3d 472, 474 (D.N.J. 2015) (quoting *F.T.C. v. Check Inv'rs, Inc.*, 502 F.3d 159, 179 (3d Cir. 2007)).

[4] Although the FTC and CFPB have not directly addressed this issue, they do not appear to take issue with an agreement to make a partial payment to settle a time-barred debt in jurisdictions where the statute of limitations is not revived by a partial payment. The concern appears to be that in making a partial payment in a jurisdiction where the statute of limitations is revived, a consumer will incorrectly assume "that the payment will reduce the consumer's legal obligation." *See* Brief for Amici Curiae FTC and CFPB Supporting Affirmance, *Delgado v. Capital Mgmt. Servs., LP*, 2013 WL 4540138, at *17-18 (Aug. 14, 2013); *see also* Time-Barred Debts, Federal Trade Commission Consumer Information, https://www.consumer.ftc.gov/articles/0117-time-barred-debts (last visited May 25, 2017) (recognizing that consumer could choose to enter into a payment plan for less than the total amount owed in order to pay off debt).

because of the partial payment option offered to the plaintiff, which "may be misleading, because upon a partial payment it revives the amount that's owed by the debtor, because the statute of limitations starts anew." *Id.* at T9:6-13. But as discussed in *Tatis*, the *Fackina* court "did not analyze whether partial payment of a time-barred debt would actually revive the statute of limitations pursuant to the underlying state law." *Tatis*, 2016 WL 5660431, at *8. Instead, the *Fackina* court "assumed the statute of limitations would be reset upon partial payment." *Id.* In New Jersey, however, "the statute of limitations on a time-barred debt can only be revived if the debtor makes a written, unconditional promise to pay the full debt." *Id.* (citing *Herzog v. B&M Oil Gas Co.*, No. A-5912-06T1, 2008 WL 2796475, at *4 (N.J. App. Div. July 22, 2008)). In this instance, Plaintiff did not make such a promise nor did the Collection Letter call for such a commitment.

Plaintiff contends that if he had checked the box in the Collection Letter indicating that "I would like to make a smaller monthly payment . . . to pay the balance in full," it would be enough to revive the statute of limitations. Plf's Br. at 21-22. The Court disagrees. "[A]n acknowledgement or promise to pay a debt will only restart the statute of limitations if it is unconditional and in a signed writing." *Cohen v. Dynamic Recovery Sols.*, No. 16-576, 2016 WL 4035433, at *3 (D.N.J. July 26, 2016) (citing *Rubinsky v. Zayat*, No. 14-1540, 2015 WL 3517629, at *3 (D.N.J. June 4, 2015)). Simply checking a box, which does not even require a debtor to make a signed acknowledgment, does not constitute an unconditional and signed writing from the debtor to pay the amount owed in full. Accordingly, the Court respectfully concludes that *Fackina* is inapposite. *See, e.g., Kislin v. Northland Grp., Inc.*, No. 16-cv-4533, at *5-7 (Apr. 6, 2017) (concluding that similar language regarding partial payment plan in debt collection letter was not enough to revive statute of limitations under New Jersey law).

Plaintiff also asserts that several appellate courts and federal agency opinions have declined to follow *Huertas*. Plf's Br. at 14-19. Even if this Court disagreed with *Huertas*, which it does not, the Third Circuit has not overturned *Huertas* and it remains binding precedent on this Court. This Court is bound to follow the holding in that case. *See, e.g., Vujosevic v. Rafferty*, 844 F.2d 1023, 1030 n.4 (3d Cir. 1988) ("It is, of course, patent that a district court does not have the discretion to disregard controlling precedent simply because it disagrees with the reasoning behind such precedent."). Consequently, Plaintiff's arguments regarding other appellate court and federal agency decisions are of no moment to the extent they conflict with Third Circuit precedent.

Because *Huertas* clearly applies to this matter, the Court turns to the language of the Collection Letter to determine whether it is potentially misleading to an unsophisticated consumer. First, the Collection Letter does not threaten to initiate legal action. In fact, it specifically states that due to the age of the debt, Pinnacle will not sue Plaintiff for the debt. Compl. Ex. A, at 1. Consequently, the Collection Letter does not make any false representations about the character, amount, or legal status of the debt in violation of Section 1692e(2). *See Cohen*, 2016 WL 4035433, at *3 (concluding that letter containing identical language regarding the age of debt did not threaten legal action).

In addition, the Collection Letter uses very similar disclosure language to language that was previously approved by the FTC and the CFPB in like matters. Def's Br. at 6-7. In 2012, Asset Acceptance, LLC entered into a consent decree with the FTC, which required Asset to use specific language when attempting to collect time barred debts.[5] *See Asset Acceptance Consent*

_____

[5] The relevant approved language is: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." *Asset Acceptance Consent Decree*, https://www.ftc.gov/sites/default/files/documents/cases/2012/01/120131assetconsent.pdf, at *13 (Jan. 31, 2012).

*Decree*,https://www.ftc.gov/sites/default/files/documents/cases/2012/01/120131assetconsent.pdf, at \*13 (Jan. 31, 2012). And in 2015, the CFPB entered into two consent decrees with multiple debt collectors; both of which required the debt collectors to use the same language as approved by the FTC. *See Portfolio Recovery Associates, LLC Consent order*, http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf, at \*39 (Sept. 9, 2015); *Encore Capital Group, Inc., et al., Consent Order*, http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf, at \*39 (Sept. 9, 2015). As this Court recognized in *Tatis*, use of the FTC's recommended language "may constitute best practices." 2016 WL 5660431, at \*8. Because this language has been endorsed by the CFPB and the FTC, the Court determines that the Collection Letter is not deceptive.

Plaintiff argues that the Collection Letter language is deceptive because it only indicates that Pinnacle cannot sue on the debt, not TCI. Plf's Br. at 20. However, Plaintiff never explains how TCI could sue on the debt, which is a necessary underpinning of Plaintiff's argument. First, as discussed, the statute of limitations has run as to whomever holds the debt. More importantly, TCI indicated in the Collection Letter that it was hired by Pinnacle, the owner of the debt, to attempt to collect on the debt. However, merely being retained to collect a debt does not convey the ownership of the debt to the debt collector. As a result, the Court doubts that TCI would have standing to bring suit against Plaintiff to enforce the debt. In addition, assuming that the Court concluded that a new partial payment contract could have been created through the Collection Letter, Plaintiff provides no authority indicating that Pinnacle could transfer this new "settlement debt" to a new party for collection purposes. Therefore, Plaintiff's claims pursuant to Section 1692e are dismissed as Plaintiff fails to state a claim under this subsection.

## 2. Section 1692f

Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" and lists eight examples of unconscionable practices. 15 U.S.C. § 1692f. "Courts routinely dismiss [Section] 1692f claims when a plaintiff does not identify any misconduct beyond that which he asserts violates other provisions of the FDCPA." *Cohen*, 2016 WL 4035433, at *5. Plaintiff's claims under Section 1692f stem from the same allegations involved in his Section 1692e claims. Plf's Br. at 23. As a result, for the reasons discussed above, Plaintiff fails to state a claim under Section 1692f. This claim is also dismissed pursuant to Rule 12(b)(6).

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [D.E. 6] is **GRANTED**.[6] The Complaint is dismissed without prejudice to allow Plaintiff an opportunity to file an amended complaint. Plaintiff has thirty (30) days to file an amended complaint, if he so chooses, consistent with this Opinion. If Plaintiff fails to file an amended complaint, the dismissal will be with prejudice. An appropriate Order accompanies this opinion.

Dated: May 30, 2017

John Michael Vazquez, U.S.D.J.

---

[6] On May 15, 2017, Plaintiff filed a letter requesting that the Court stay this case pending resolution of an appeal that was recently filed with the Third Circuit in *Kislin v. Northland Group, Inc.*, Civ. No. 16-4533. Plaintiff maintains that the appeal in *Kislin* will address issues similar to those raised through this motion, and resolution of that case in the Appellate Court could dispose of this matter. D.E. 17. The appeal is *Kislin* was only filed on April 28, 2017, and the collection letter in *Kislin* did not contain time-barred debt disclosure language like the Collection Letter here. As a result, the Court will not stay this case pending resolution of the appeal in *Kislin*.