NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALI JUDAH, individually and on behalf of all others similarly situated,

    *Plaintiffs*,

v.

TOTAL CARD, INC. & JOHN DOES 1-25,

    *Defendants*.

Civil Action No. 16-5881

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on Defendant Total Card, Incorporated's ("Defendant" or "TCI") motion to strike the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). D.E. 23. Plaintiff Ali Judah ("Plaintiff" or "Judah") filed a brief in opposition, D.E. 26, to which Defendant replied, D.E. 27.[1] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

**I.    FACTS AND PROCEDURAL HISTORY**

    For the purposes of the pending motion, the Court does not retrace this matter's full factual and procedural history. The Court's May 30, 2017 Opinion ("2017 Opinion") dismissing

---

[1] In this Opinion, Defendant's motion to strike (D.E. 23) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 26) will be referred to as "Pl. Opp." Defendant's reply brief (D.E. 27) will be referred to as "Def. Rep."

Plaintiff's Complaint includes a detailed recounting of the background of this matter. D.E. 19. To the extent relevant to this motion, the Court incorporates the factual and procedural history into this Opinion. The following is a relevant summary.

This case arises out a debt collection dispute. Sometime before February 10, 2016, Plaintiff incurred a debt to Verizon Wireless and the debt was declared to be in default. Amended Complaint ("Am. Compl.") ¶¶ 17, 20; D.E. 21. The debt was subsequently transferred to Defendant for collection. *Id.* ¶¶ 22-25. On February 10, 2016, Defendant sent Plaintiff a letter attempting to collect the debt (the "Collection Letter"), which allegedly totaled $1,648.56. *Id.*, Ex. A at 1. Plaintiff argues that the Collection Letter violates the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

On September 25, 2016, Plaintiff filed a class action Complaint alleging a violation of Sections 1692e and 1692f of the FDCPA. D.E. 1. Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 6. The Court granted Defendant's motion and dismissed the Complaint without prejudice. D.E. 19.

On June 30, 2017, Plaintiff filed an Amended Complaint. D.E. 21. Defendant then moved to strike the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). D.E. 23. Plaintiff filed a brief in opposition, D.E. 26, to which Defendant replied, D.E. 27.

The First Amended Complaint alleges one count, a violations of Section 1692e of the FDCPA. Am. Compl. ¶ 66. Specifically, Plaintiff reasserts that the Collection Letter's failure to "advise Plaintiff and others similarly situated that choosing one of the monthly payment plans creates a new obligation" violates Section 1692e, 1692e(2)(A), and 1692e(10). *Id.* ¶ 67.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). Motions pursuant to Rule 12(f) "should be granted sparingly." *Eisai Co., Ltd. V. Teva Pharmaceuticals USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. June 26, 2009). Generally, motions to strike are "highly disfavored." *F.T.C. v. Hope Now Modifications, LLC*, No. CIV. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011); *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (finding that "[b]ecause of the drastic nature of the remedy . . . motions to strike are usually viewed with disfavor") (quotation omitted).

To succeed on a motion to strike, the moving party must show that the allegations in the complaint "have *no possible relation to the controversy* and may cause prejudice to one of the parties, or [that] the allegations confuse the issues." *Garlanger*, 223 F. Supp. 2d at 609 (emphasis added). Moreover, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014) (quoting *Hope Now*, 2011 WL 883202, at *1)

## III.  LAW AND ANALYSIS

### A. FDCPA

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she [or he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has

3

violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

The Third Circuit has reasoned that the FDCPA's purpose of protecting consumers "is best served by a definition of 'deceive' that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's [communications]." *Id.* (alteration in original). Thus, the Third Circuit has held that a debt collector "is responsible for its [communication's] content and for what the least sophisticated debtor would have understood from it." *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) (alteration in original). A communication will be found deceptive if, under the least sophisticated debtor standard, the communication "can be reasonably read to have two different meanings, one of which is inaccurate." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015).

4

The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors -- as opposed to 'debt collectors' -- generally are not subject to the FDCPA." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). "The statute does not apply to persons or businesses collecting debts on their own behalf[.]" *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980). Instead, "[the FDCPA] is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Pollice*, 225 F.3d at 403.

The parties do not dispute that under the statute Plaintiff is consumer, Defendant is a debt collector, or that Defendant was attempting to collect a debt from Plaintiff. Thus, the first three elements of a FDCPA cause of action are satisfied. The critical question is whether Defendant violated a provision of the FDCPA in collecting the debt owed to TCI. As to the fourth element, the violations of the FDCPA, Sections 1692e, 1692e(2)(A), and 1692e(10) are at issue.

Section 1692e, "False or Misleading Representations," in relevant part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt;
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

## B. LEGAL ANALYSIS

Defendant moves, pursuant to Rule 12(f), to strike the Amended Complaint on the basis that "Plaintiff ignores the law of the case and improperly rehashes allegations that the Court already considered and found insufficient." Def. Brf. at 1; D.E. 23. First, Defendant argues that Plaintiff takes a contrary position in his Amended Complaint as to the state law that applies to the relevant statute of limitations. *Id.* at 7-8. Second, Defendant argues that the Amended Complaint's claim that a consumer could be misled as to the impact of choosing one of the payment plans in the Collection Letter was the "exact argument raised by Plaintiff and rejected by the Court." *Id.* at 8.

In opposition, Plaintiff argues that Defendant has not carried its burden under Rule 12(f). Pl. Opp. at 7; D.E. 26. Plaintiff assumes that Defendant is moving to strike the Amended Complaint on the basis that it is redundant. *Id.* at 7-8. To that end, Plaintiff claims that Defendant has not met its burden because Defendant misunderstood Plaintiff's stance on the applicable law for the debt's statute of limitations. *Id.* at 9-10. Moreover, Plaintiff argues that that the Amended Complaint contains several new factual allegations. *Id.* at 10-12.

As noted above, a motion to strike allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). A motion to strike allows a court to remove such matter when it "will not have any possible bearing on the outcome of the litigation," "may cause prejudice to one of the parties," and its removal will expedite and simplify the pleadings. *Garlanger*, 223 F. Supp. 2d at 609. Here, Defendant has not met its burden of showing that striking the Amended Complaint is warranted under any of these bases. While the Court has real concerns over the plausibility of Plaintiff's allegations, such

concerns could have been better addressed through a 12(b)(6) motion.[2] Defendant has simply not chosen the right vehicle to address the Amended Complaint's alleged deficiencies.

Looking to the bases on which a court may strike matter from a complaint, the Court finds none applicable to Plaintiff's Amended Complaint. Defendant does not argue, and there is no cause to find, that the Amended Complaint contains impertinent or scandalous matter. There is also no immaterial matter in the Amended Complaint. Immaterial matter "is that which has no essential or important relationship to the claim for relief." *Conklin v. Anthou*, No. 1:10-CV-02501, 2011 WL 1303299, at *1 (M.D. Pa. Apr. 5, 2011). For example, if in an auto accident case, a plaintiff alleged that the defendant driver did not pay his requisite child support, such an allegation would be immaterial to the cause of action (and unfairly prejudicial to the driver). Here, the Amended Complaint does not allege any facts that have no relationship to the FDCPA cause of action.

Finally, the Amended Complaint is not redundant. Under Rule 12(f) a matter is redundant when it is already alleged or implicit in the pleading. *See Manhattan Fire & Marine Ins. Co. v. Nassau Estates II*, 217 F. Supp. 196, 198 (D.N.J. 1963) (striking a defense as "redundant because it is implicit in the defendant's denial of the controversy alleged in paragraph 10 of the complaint"). The Amended Complaint is not hundreds of pages. It does not re-allege the same facts *ad nauseam*.

Defendant appears to argue that the Amended Complaint's allegations remain insufficient to plausibly plead a FDCPA claim. Yet, as noted, the proper vehicle for such an argument is a

---

[2] The Court recognizes that the portion of the 2017 Opinion relying on *Tatis v. Allied Interstate, LLC*, No. 16-109, 2016 WL 5660431 (D.N.J. Sept. 29, 2016) is no longer good law because the Third Circuit recently overruled *Tatis*. *See Tatis v. Allied Interstate, LLC*, 882 F.3d 422 (3d Cir. 2018). However, for the other reasons stated in the 2017 Opinion, the Court still has concerns over the plausibility of the allegations in the Amended Complaint.

7

motion to dismiss pursuant to Rule 12(b)(6). Defendant appears to implicitly argue that if a pleading does not plausibly set forth a claim, it is subject to dismissal under Rule 12(f). However, the Court could find no precedent to support this argument nor does Defendant cite any. If the Court were to follow Defendant's logic, it appears that failure to plausibly plead a claim would always be subject to a Rule 12(f) motion in addition to a Rule 12(b)(6) attack, which would make Rule 12(b)(6) unnecessary and redundant. The motion to strike is denied.

Thus, for the reasons set forth above and for good cause shown,

IT IS on the 2nd day of May, 2018,

**ORDERED** that Defendant's motion (D.E. 23) pursuant to Federal Rule of Civil Procedure 12(f) to strike the Amended Complaint is **DENIED**; and it is further

**ORDERED** that Defendant shall files its Answer to the Amended Complaint within thirty (30) days.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.